Jennifer R. Bergh, Esq. (SBN 24103791)
LAW OFFICES OF MICHELLE GHIDOTTI
600 E. John Carpenter Fwy., Ste. 200
Irving, TX 75062
Ph:  (949) 354-2601
Fax: (949) 200-4381
jbergh@ghidottilaw.com

**Attorney for Creditor,**
U.S. Bank National Association, not individually but solely as Trustee for BlueWater Investment Trust 2018-1, its successors and assigns

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br><br>**GINA LYNN PENN**<br><br>DEBTOR,<br><br>**U.S. BANK NATIONAL ASSOCIATION, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR BLUEWATER INVESTMENT TRUST 2018-1,**<br><br>CREDITOR, | CASE NO.: 18-34961<br><br>CHAPTER 13 |

## OBJECTION TO CHAPTER 13 PLAN

TO THE HONORABLE JUDGE DAVID R. JONES, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, HER ATTORNEY OF RECORD AND THE CHAPTER 13 TRUSTEE, DAVID G PEAKE:

U.S. BANK NATIONAL ASSOCIATION, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR BLUEWATER INVESTMENT TRUST 2018-1, ("**Creditor**"), a secured creditor of GINA LYNN PENN ("**Debtor**"), hereby objects to the confirmation of Debtor's

Chapter 13 Plan (the "**Plan**") on the grounds that the Plan does not comply with the provisions of Chapter 13 of Title 11, United States Code, and with other applicable provisions of said Title 11.

This objecting Creditor holds a deed of trust on the Debtor's real property commonly described as 15810 MISSION TER CT., HOUSTON, TEXAS 77083 (the "**Property**"), which is Debtor's principal residence.

**I**

**STATEMENT OF FACTS**

1. On or about August 24, 1998, Debtor, for valuable consideration, made, executed and delivered to World Savings Bank, an Adjustable Rate Mortgage Note (the "**Note**") with an original principal balance in the amount of $96,000.00 (the "**Loan**").

2. Said Note is secured by a Deed of Trust ("**Deed of Trust**"), which encumbers the Property recorded, as Document No.: 9869938 in the Official Records of Fort Bend County, Texas, naming World Savings Bank, as the Beneficiary.

3. All rights, title, and interests in the Note and Deed of Trust were thereafter assigned to Creditor.

4. Creditor holds all right, title and interest in the Note and Deed of Trust.

5. On or about September 3, 2018, Debtor filed a voluntary Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of Texas, Case No.: 18-34961 (the "**Instant Petition**").

6. On September 3, 2018, Debtor filed a proposed Chapter 13 Plan in which Debtor proposed to cure Creditor's arrears in the amount of $7,800.00.

7. Creditor's arrears total no less than $9,824.75.

## II

## ARGUMENT

Application of the provisions of *11 United States Code Section 1325* determines when a Plan shall be confirmed by the Court. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

**A. DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. §1325(a)(5)(B)(ii)

The Debtors' Plan does not provide for cure of the pre-petition arrears owed to Creditor. The pre-petition arrears owed to Creditor are no less than approximately $9,824.75. Debtor's Plan does not provide for the cure of all of the arrears owed to Creditor. Accordingly, Debtor will be required to amend her Plan to fully provide for Creditor's total arrears. Since Debtor's Plan does not provide for cure of all arrears owed to Creditor, the Plan does not meet the full value requirement and fails to satisfy 11 U.S.C. §1325(a)(5)(B)(ii).

**B. PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. §1322 (d)

The pre-petition arrears owed to Creditor are no less than $9,824.75. In order to cure the Creditor's pre-petition arrears in sixty (60) months as proposed, Debtors' monthly plan payment to Creditor must total no less than $163.75. Debtor's Plan understates the amount owed to Creditor. Therefore, Debtors' Plan fails to provide for prompt cure of Creditor's pre-petition arrears.

WHEREFORE, Creditor objects to confirmation of the Plan and requests as follows:

    a.    The Plan be denied confirmation and the case be dismissed; or

/ / /

/ / /

      b.      The Plan be amended to provide for all arears owed to Creditor.

DATED:  October 1, 2018                         THE LAW OFFICES OF MICHELLE GHIDOTTI

                                                          By: <u>/s/ Jennifer R. Bergh Esq.</u>
                                                                Jennifer R. Bergh, Esq.
                                                                Attorney for Creditor U.S. Bank National
                                                                Association, not individually but solely as Trustee
                                                                for BlueWater Investment Trust 2018-1

Jennifer R. Bergh, Esq. (SBN 24103791)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph:  (949) 427-2010
Fax: (949) 427-2732
jbergh@ghidottilaw.com

**Attorney for Movant,**
U.S. Bank National Association, not individually but solely as Trustee for BlueWater Investment Trust 2018-1, its successors and assigns

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | CASE NO.:  17-31094-hcm |
| | § | |
| **Gina Lynn Penn,** | § | CHAPTER 13 |
| | § | |
| DEBTOR, | § | **CERTIFICATE OF SERVICE** |
| | § | |
| **U.S. Bank National Association, Not Individually But Solely As Trustee For Bluewater Investment Trust 2018-1, Its Successors And Assigns,** | § § § § § § | |
| CREDITOR, | § § § § | |

### CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is: 1920 Old Tustin Ave., Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On October 1, 2018 I served the following documents described as:

- **OBJECTION TO CHAPTER 13 PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>Alonso Gongora, Jr<br>19803 Crested Hill Ln<br>Cypress, TX 77433<br><br>**Joint Debtor**<br>Pamela Sue Gongora<br>19803 Crested Hill Ln<br>Cypress, TX 77433<br><br>**Debtors' Counsel**<br>Kenneth A Keeling<br>Keeling Law Firm<br>3310 Katy Freeway, Suite 200<br>Houston, TX 77007 | **Chapter 13 Trustee**<br>David G Peake<br>Chapter 13 Trustee<br>9660 Hillcroft<br>Suite 430<br>Houston, TX 77096-3856<br><br>**U.S. Trustee**<br>US Trustee<br>Office of the US Trustee<br>515 Rusk Ave<br>Ste 3516<br>Houston, TX 77002 |
|---|---|

__xx___(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx__(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on October 1, 2018 at Anaheim, California

/*s / Jennifer R. Bergh*
Jennifer R. Bergh